[No. 2345.]

GUS DRISKILL *v.* THE STATE.

ASSAULT TO MURDER—CHARGE OF THE COURT.—In as much as an assault with intent to murder is constituted of facts which bring the offense within the definition of an assault coupled with an intention to commit murder, it devolves upon the trial court to explain to the jury an assault as it is defined by the statute.

APPEAL from the District Court of Harrison. Tried below before William Stedman, Esq., special judge.

The conviction in this case was for an assault with intent to murder one J. A. Bell, in Harrison county, Texas, on the first day of April, 1886. A term of seven years in the penitentiary was the penalty imposed upon the appellant.

No brief for the appellant.

*J. H. Burts*, Assistant Attorney General, for the State.

WHITE, PRESIDING JUDGE. An assault with intent to murder is constituted by the existence of the facts which bring the offense *within the definition of an assault*, coupled with an intention to commit murder. (Penal Code, Art. 506.)

An assault with intent to murder being a compound offense, composed of an assault coupled with the intent to murder, the charge of the court should define or explain to the jury what an assault is as known to the code, since it is expressly required as above that the offense must come "within the definition of an assault." (Campbell v. the State, 9 Texas Ct. App., 147; White v. the State, 13 Texas Ct. App., 259.) In such cases the assault is not a postulate. In the case before us, the charge to the jury was wholly insufficient in this respect.

For error in the charge of the court, the judgment is reversed and the cause remanded.

*Reversed and remanded.*